IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOLOMON TESHOME, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:07-cv-01294-EGS |
| ) | |
| CENTRAL PARKING SYSTEM OF ) | |
| VIRGINIA, INC. ) | |
| d/b/a CENTRAL PARKING SYSTEM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER

Defendant, Central Parking System of Virginia, Inc., through its undersigned counsel, hereby files its Answer to Plaintiff's Complaint. Defendant denies that it acted unlawfully and denies that Plaintiff is entitled to any of the relief requested.

### Parties

1. Answering the first sentence of paragraph 1, Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the first sentence of paragraph 1. Defendant admits the second sentence of paragraph 1.

2. Answering paragraph 2, Defendant denies it is incorporated in Tennessee. Defendant avers that it is incorporated in the District of Columbia.

### Jurisdiction

3. Answering paragraph 3, Defendant states that paragraph 3 alleges a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of paragraph 3.

## Statement of Facts

4. Answering the first sentence of paragraph 4, Defendant admits that it "engaged in the provision of parking services" in the District of Columbia, to the extent it understands this allegation. Answering the second and third sentences of paragraph 4, Defendant states that these sentences allege legal conclusions to which no response is required. Except as expressly admitted, Defendant denies the allegations of paragraph 4.

5. Answering paragraph 5 of the Complaint, Defendant admits that it employed Plaintiff as a regular or lead parking attendant during the period of 1997 to 2007. Except as expressly admitted, Defendant denies the allegations of paragraph 5.

6. Answering paragraph 6, Defendant states that paragraph 6 alleges a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of paragraph 6.

7. Answering paragraph 7, Defendant admits that Plaintiff filed a lawsuit for alleged unpaid overtime in 2005 and that the suit was captioned as identified in paragraph 7.

8. Defendant denies the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

11. Answering paragraph 11, Defendant admits that on April 25, 2007, Art Alabin visited Plaintiff's work location to perform a mystery shop, that Mr. Alabin had previously been, but no longer was, employed by Defendant, and that Plaintiff was subsequently terminated. Except as expressly admitted, Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

DC1 30206885.1

13. Answering paragraph 13, Defendant admits that Plaintiff was terminated on May 8, 2007. Except as expressly admitted, Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant denies that Plaintiff is entitled to judgment or any relief or damages requested, including the relief and damages requested in the "Wherefore" clause on page 3 and 4 of the Complaint. Defendant denies the allegations of the "Wherefore" clause on pages 3 and 4 of the Complaint.

## JURY DEMANDED

16. Answering the separately titled Jury Demand portion of the Complaint, Plaintiff's jury demand does not require a response. To the extent a response is deemed required, Defendant denies the allegations of the jury demand and denies that Plaintiff is entitled to a jury trial on all items of relief requested.

17. All allegations not heretofore admitted or denied are specifically and fully denied.

## AFFIRMATIVE DEFENSES

By pleading the following as Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish his alleged damages.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim, or some of it, is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's own conduct, omissions and/or negligence bars his recovery.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim against Defendant for liquidated damages is barred because Defendant acted in good faith and/or had reasonable grounds for believing that its conduct was not violative of the Fair Labor Standards Act.

### FIFTH AFFIRMATIVE DEFENSE

Any actions taken by Defendant toward Plaintiff were taken for legitimate business reasons not in violation of the FLSA.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, all or a portion of Plaintiff's claims are barred for failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant expressly denies that any of its employees, officers, or agents acted in any manner that would constitute a violation of the FLSA; however, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment and without the consent of Defendant. Defendant did not and does not authorize, condone, ratify or tolerate violation of the FLSA, but instead prohibited and prohibits it, and any such conduct may not be attributed to Defendant through principles of agency, respondeat superior or otherwise.

DC1 30206885.1

Defendant specifically reserves the right to amend this Answer by adding additional affirmative defenses as additional investigation, discovery and circumstances may warrant.

WHEREFORE, Defendant prays that:

1. Plaintiff's Complaint be dismissed with prejudice in its entirety and that judgment be entered in favor of Defendant;

2. Plaintiff take nothing by his Complaint;

3. The Court deny Plaintiff his requested relief;

4. The Court award Defendant its costs and attorneys' fees; and

5. The Court award Defendant such further relief as it deems just and proper.

Respectfully submitted,

CENTRAL PARKING SYSTEM OF
VIRGINIA, INC.


By:    /s/ David M. Burns
       David M. Burns, Bar # 466167
       SEYFARTH SHAW LLP
       815 Connecticut Avenue, N.W., Suite 500
       Washington, DC 20006-4004
       (202) 463-2400
       (202) 828-5393 (facsimile)

Dated:  August 27, 2007                         Attorneys for Defendant